NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENNETH BOSINGER,
individually and d/b/a K-TRONICS,

Plaintiff - Appellant,

v.

BELDEN CDT, INC., a Missouri based
corporation doing business in California,

Defendant - Appellee.

No. 08-55682

D.C. No. 3:07-cv-01102-IEG-RBB

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted October 9, 2009**
Pasadena, California

Before: W. FLETCHER and CLIFTON, Circuit Judges, and SINGLETON***,
Senior District Judge.

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

***    The Honorable James K. Singleton, United States District Judge for
the District of Alaska, sitting by designation.

Plaintiff Kenneth Bosinger appeals the district court's order granting summary judgment in favor of Belden CDT, Inc. on Bosinger's claims for breach of contract, violations of California's Unfair Competition Law, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. We affirm.

Pursuant to Section 1670.5 of the California Civil Code, a court may refuse to enforce a contract or individual clause if it finds, as a matter of law, that the contract or provision was unconscionable at the time it was made. California courts have established that "[u]nder California law, a contract provision is unenforceable due to unconscionability only if it is both procedurally and substantively unconscionable." *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976, 981 (9th Cir. 2007). The provision at issue here was not.

Substantive unconsionability "focuses on the terms of the agreement and whether those terms are so one-sided as to *shock the conscience*." *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1075 (9th Cir. 2007) (emphasis in original). The undisputed facts indicate that Bosinger had a continual and meaningful responsibility to service his accounts after the initial sales and that any future sales and subsequent commissions were a product of such service. A contract provision terminating his commissions after thirty days is not "unduly harsh or oppressive" as to "shock the conscience." *Id*. at 1076; *see Am. Software, Inc. v. Ali*, 54 Cal.

2

Rptr. 2d 477, 481 (Ct. App. 1996) (holding a contract clause was not substantively unconscionable which terminated a salesperson's right to commissions thirty days post-termination where the sales representative had an "ongoing responsibilities to 'service' the account once the sale is made" and the contract involved risks on both sides.)

"Procedural unconscionability analysis focuses on oppression or surprise. Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice, while surprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (internal citations and quotation marks omitted). Bosinger, a salesperson familiar with contracts, read and signed multiple versions of the contract containing the same commission-termination clause and was aware of the clause. He also negotiated with Belden and its predecessors over other contract clauses. As the contract provision was not procedurally or substantively unconscionable, Bosinger's claim for breach of contract failed.

The Unfair Competition Law, California Business and Professions Code ("UCL") sections 17200 through 17209, prohibits "unfair competition" defined as "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive,

3

untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Bosinger claims that Belden's failure to pay his post-termination commissions constituted a violation of the Wholesale Sales Representatives Contractual Relations Act of 1990. The WSRCRA requires companies to enter into written sales agreements with sales representatives who are not employees of the company and to pay commissions as established in the written sales agreements. Cal. Civ. Code §§ 1738.13, 1738.15. The contract was in writing, it complied with the statutory requirements, and Belden paid Bosinger commissions in accordance with the written contract. Belden did not violate the WSRCRA, and thus no cause of action arose under the UCL.

There is no claim under California law for breach of the implied covenant of good faith and fair dealing arising from the termination of an at-will employment relationship. *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1110 (Cal. 2000). The California Supreme Court has explicitly rejected the extension of the "special relationship" imposing a heightened duty beyond the insurance context. *Foley v. Interactive Data Corp.*, 765 P.2d 373, 395 (Cal. 1988). Bosinger was an at-will independent contractor for Belden, so he did not have a tort cause of action based on the implied covenant of good faith and fair dealing.

4

In California there is no cause of action for unjust enrichment; it is a "general principle, underlying various legal doctrines and remedies, rather than a remedy itself." *Melchior v. New Line Prods., Inc.*, 106 Cal. Rptr. 2d 347, 357 (Ct. App. 2003) (internal quotation marks omitted). Bosinger argues that "unjust enrichment" is the basis of his claim of fraudulent inducement. *See Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.*, 51 Cal. Rptr. 3d 144, 150 (Ct. App. 2006) (a claim of fraudulent inducement requires "fraudulent representations of another party"). In a declaration signed after his deposition, Bosinger claimed that his supervisor at Belden induced him to sign the contract by falsely promising him the contract would be reviewed in six months. Bosinger's deposition states, however, that the only deceptive action on the part of Belden was to terminate Bosinger within a few months of entering into the Representative Agreement. A party may not create an issue of fact by affidavit contradicting prior deposition testimony. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). Bosinger freely entered into the contract and understood its terms. The District Court thus correctly held Bosinger did not have a claim of unjust enrichment based on fraudulent inducement.

**AFFIRMED.**